**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

BAUSCH & LOMB INCORPORATED,

    Plaintiff(s),

v.           ORDER
             13-CV-6498

VITAMIN HEALTH, INC.,

    Defendant(s).

---

  Currently pending before the Court are the parties' motions to compel. (Docket ## 65, 127). On August 8, 2014, a hearing was held and arguments were heard from the parties' attorneys with respect to plaintiff's motion to compel (Docket # 65). On the record during the August 8th hearing, the Court resolved many of the issues presented in the motion. The Court instructed the parties to "meet and confer" to resolve the remaining issues. The Court was thereafter advised that some issues remained unresolved. On January 20 and January 26, 2015, the parties submitted supplemental affidavits explaining the remaining unresolved issues and setting forth their respective positions with respect to those issues.

  Thereafter, on January 30, 2015, the Court held a hearing to address defendant's motion to compel (Docket # 127) and the unresolved issues with respect to plaintiff's motion to compel (Docket # 65). For the reasons set forth on the record during the January 30th hearing, the Court hereby determines the pending motions as set forth below:

<u>Plaintiff's motion to compel (Docket # 65)</u>: Plaintiff's motion to compel is **granted in part and denied in part** as follows:

1. "Manufacturing-related information": The defendant shall produce the requested manufacturing-related information as it is maintained by the manufacturers without any changes or revisions except that defendant may remove by redaction the identities of the manufacturers. In the case of allegedly infringing products, defendant will produce a separate document which identifies the accused product with the composition of that product. Defendant shall produce these documents to plaintiff within thirty (30) days of entry of this Order.

2. "Research and development" documents: Defense counsel represented to the Court that the defendant has been producing these documents and continues to supplement its production with further responsive documents. Defendant will complete its supplemental production of these types of documents by February 13, 2015. Plaintiff's motion to compel production of these documents is therefore granted.

3. "Customer communications": For the reasons stated on the record, plaintiff's request is denied without prejudice to renew once discovery is obtained from the known customer of the defendant.

4. "Sales information": Plaintiff's request is granted. Defendant will produce its response to this request within thirty

2

(30) days of entry of this Order.

<u>Defendant's Motion to Compel (Docket # 127)</u>: Defendant's motion to compel is **granted in part and denied in part** as follows:

1. Interrogatory No. 17 and discovery related to the contributions of each inventor to the '297 and '522 Patents: The defendant's request is denied without prejudice to renew. Plaintiff's counsel represented that plaintiff has produced existing documents and recently discovered additional responsive documents it will produce. In addition, the Court will allow defendant to depose a representative from the plaintiff with knowledge of its document retention policies and what documents, if any, were destroyed that were relevant to the patents at issue here.

2. Documents related to the AREDS and AREDS 2 studies: defendant's request is denied. The Court finds that plaintiff has satisfied this demand. If additional responsive documents are discovered, plaintiff shall produce them forthwith.

3. Documents related to the design, development, and first offer for sale of each of B&L's AREDS and AREDS 2 Vitamins: The defendant's motion to compel is denied. Based on the current record, the Court finds that plaintiff has satisfied this demand. If additional responsive documents are discovered, plaintiff shall produce them forthwith.

4. Interrogatory No. 15 regarding B&L's Infringement

3

Contentions: Plaintiff is ordered to supplement its response to this demand <u>prior</u> to depositions being taken.

**SO ORDERED.**

                                                   _____
                                                   JONATHAN W. FELDMAN
                                                   UNITED STATES MAGISTRATE JUDGE

Dated: February **3**, 2015
Rochester, New York