IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BAUSCH & LOMB INCORPORATED**, and **WYETH LLC**,<br><br>Plaintiffs,<br><br>v.<br><br>**VITAMIN HEALTH, INC**,<br><br>Defendant. | Civil Action No. 6:13-cv-06498-JWF |

**VITAMIN HEALTH'S REPLY MEMORANDUM IN SUPPORT OF
VITAMIN HEALTH'S MOTION FOR SANCTIONS BASED ON SPOLIATION**

### I.  INTRODUCTION

If Vitamin Health could prove exactly what certain destroyed documents said, it would just do so. It could then also prove the relevant defense and it would not need any sanctions. The only time sanctions for spoliation are really necessary is when the moving party is unable to prove exactly what the destroyed evidence was. The only question in that situation is who should bear the risk – that is, who should bear the penalty for the fact that the evidence has been destroyed? In the Second Circuit (and, especially, this District), the answer is clear: Bausch's gross negligence (truly, it was deliberate indifference established by multiple, multiple failures over the years) is sufficient to establish a presumption that the destroyed evidence was relevant and that sanctions should be implemented. Bausch cannot dispute that this destroyed evidence includes: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1

## II.  ANALYSIS

**1. Bausch Breached Its Duty To Preserve**

In its response, Bausch makes two primary arguments that it did not violate its duty to preserve documents: (1) That no duty was owed to Vitamin Health until 2013; and (2) that it did not destroy relevant documents. The first is contradicted by the law of this Circuit and by the evidence. The second is just wishful thinking.

A.  Bausch's Duty to Preserve Extended to Vitamin Health

Bausch admits that its litigation against Rexall related to the '297 patent did not end until May of 2012. [*Id.* at p. 5].  Instead, Bausch alleges that *In re Actos*. [*Id.* at p. 12] is the only legal support for Vitamin Health's assertion that Bausch , spoliated evidence, and thus prejudiced Vitamin Health is. Yet, this is not the case.

In fact, only Vitamin Health not Bausch cite to applicable Second Circuit and specifically New York precedent. As stated in Vitamin Health's Motion, in *Zimmerman* the Eastern District of New York held that defendant's duty to preserve outside consultant's notes was continuing from earlier lawsuit because outside consultant and defendant's attorneys were aware other potential plaintiffs existed. *Zimmerman v. Poly Prep Country Day Sch.*, Case No. 09 CV 4586 (FB), 2011 U.S. Dist. LEXIS 40704 at *67-71 (E.D.N.Y. Apr. 13, 2011).

Additionally, in *M&T Mortgage Corp.*, that same Court found that defendants were aware of a continuing duty to preserve documents even though the duty to preserve documents originally arose in a different action. *M&T Mortg. Corp. v. Miller*, Case No. CV 2002-

5410(NG)(MDG), 2007 U.S. Dist. LEXIS 60610 at *19-20 (E.D.N.Y. Aug. 17, 2007). The Court stated that the documents the defendants were obligated to preserve in the earlier action, "differ little, if at all, from the documents that should have been preserved in this case given the substantial overlap in the claims and factual allegations," and that even if the earlier action ended before commencement of the later action, the defendants should have reasonably anticipated separate litigations by other defendants. *Id.* These cases are in accord with *In re Actos*, which includes a fact pattern related to a litigation hold and other circumstances very similar to the case at bar.

Notably, Bausch does not cite any case law in this Circuit supporting its arguments on this point. Even the out of circuit cases cited by Bausch explicitly identify, "differences in the law of sanctions for spoliation in the e-discovery context," between different circuits and that results, "may have been different if evaluated by a court in another circuit." *See e.g., Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, Case No. 09-6116-CIV-Seitz/Goodman, 2011 U.S. Dist. LEXIS 42239 at *2 (S.D. Fla. Apr. 5, 2011). Bausch primarily relies on *In re Ethicon*, 299 F.R.D. 502, 516 (S.D. W.Va. 2014) and *Brigham Young Univ. v. Pfizer, Inc.*, 282 F.R.D. 566, 572 (D. Utah 2012) which are in circuits with different law (and are also factually distinguishable from this case). For example, as noted by Bausch in its recitation of *BYU*, the defendant unsuccessfully argued that the duty to preserve runs to the legal system generally. In contrast, in the present case, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, not to a particular case, and the previous lawsuits filed by Bausch have a large factual overlap with the present lawsuit regarding the documents Bausch should have preserved.[1]

---

[1] Bausch's other cases are also not from the Second Circuit and are also distinguishable. [Dkt. 189, at p. 12]. *See In re Delta-AirTran Baggage Fee Antitrust Litigation*, 770 F. Supp. 2d 1299, 1308 (N.D. Ga. 2011)(private plaintiffs attempting to enforce provisions related to a confidential

In *In re Ethicon*, the duty to preserve was alleged based on an earlier lawsuit against defendants involving a single recipient of a device where the lawsuit ended *8 years before* the plaintiff's MDL case. *In re Ethicon*, 299 F.R.D. at 512. Moreover, the litigation hold identified the specific litigation. *Id.* This differs from the present case where there is extensive evidence that Bausch should have anticipated future litigation with Vitamin Health before the Rexall lawsuit concluded. Bausch was in continuous litigation related to the '297 patent until 2012, and ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

Here, the uncontested facts indicate that ████████████████████████████████████████████████████████████████████████████████████████████████████ As illustrated further below, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ -- should have been preserved since they were in ongoing or anticipated litigation ████████████████. For all of Bausch's misdirection in response to

---

investigation commenced by the DOJ as opposed to this case where Bausch sued other private parties on the same patents and should have known of potential litigation against Vitamin Health). Moreover, Bausch overstates the holding of *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, 2011 U.S. Dist. LEXIS 42239 at *82. Though the Court stated it was rejecting a "shifting duty" in the 11th Circuit, the Court found that, "Even though the Court rejects the shifting duty theory and does not decide whether to adopt the industry-wide litigation theory of evidence-preservation duties, it is also not deciding specifically whether Toyobo was under a duty to Point Blank to preserve documents," during an earlier timeframe. *Id.* Moreover, the Court began its opinion by opining that given the differences in spoliation case law amongst the circuits, "the result here may have been different if evaluated by a court in another circuit." *Id.* at *2.

4

these allegations, it cannot rebut the fact that ███████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████

B. <u>Bausch Should Have Reasonably Anticipated Litigation No Later Than 2012, and Likely Much Earlier</u>

████████████████████████████████████████████████████████████████████████

████████████████ Yet, the evidence submitted by Vitamin Health establishes that Bausch should have anticipated litigation well before this date, and correspondingly had a duty to preserve relevant evidence.

A party is obligated to preserve evidence when it has, "notice that the evidence is relevant to litigation or ***when a party should have known*** that the evidence may be relevant to future litigation." *Riley v. Marriott Int'l, Inc.*, Case No. 12-CV-624P, 2014 U.S. Dist. LEXIS 135728 at *7 (W.D.N.Y. Sept. 25, 2014)(internal citation omitted)(emphasis added). Despite Bausch's attempt to gloss over the evidence, Bausch's response to this motion for sanctions and actions in this case show it should have reasonably anticipated litigation ████████████████

As an initial matter, █████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████ This is the only basis Bausch provides for the alleged ████████ date for a duty to preserve ████████████████████████████████ .

---

[2] To be clear, Vitamin Health is not alleging a duty to preserve for this patent infringement lawsuit existed prior to the issuance of the patents in 2003 as Bausch would have the Court believe. [Doc. 186, at p. 10]. However, information in existence when a duty to preserve did exist in late 2003 should have been preserved, even if it predated the existence of the patents. In other words, it is likely that evidence from before 2003 ████████████████████████████████
████████

Yet, as shown below, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[3] The Rexall case did not end until May of 2012.



██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████ Based on the reason Mr. Ferris presented for anticipating litigation, the evidence above establishes Bausch should have anticipated litigation much earlier than they claim now.

Bausch admits that it should have anticipated litigation against Vitamin Health based upon the internet search, but it gets the date wrong ████████████████████████

██████████████████████████████████████████████████████████████

---

██████████████████████████████████████████████████████████████
████████

███████████████████████████████████████████████████████ There was ongoing or anticipated litigation though this whole time period.[5]

Bausch also distorts other evidence that establishes earlier anticipation of litigation against Vitamin Health. For example, ████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████ Bausch should have anticipated future litigation against Vitamin Health.

As a result, Bausch was under an obligation to preserve documents that relate to the '297 patent and AREDS products at a minimum, including but not limited to ████████████
█████████████. Yet, Bausch does not dispute this evidence was destroyed and no longer exists.

    C.    <u>Bausch Destroyed Relevant Documents</u>

Instead, Bausch alleges that there are no *relevant* documents that were deleted. Despite Bausch's best efforts to muddy the water by alleging what it has produced (and attaching copies

---

[5] ████████████████████████████████████████████████████████████████
████████████

to its Response), Bausch does not deny that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Bausch attempts to get away with destroying evidence by arguing that nobody can prove what specific relevant documents were destroyed.[6]

As an initial matter, Vitamin Health has presented extensive evidence on the culpability and bad faith destruction undertaken by Bausch. Further supporting this contention is the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <u>This alone shows gross negligence.</u> At a minimum, Bausch's destruction of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was also grossly negligent and therefore the documents should be presumed to be relevant.[7]

Moreover, as courts in the Second Circuit have stated, courts must take care not to "hold the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed [or unavailable] evidence," because doing so "would subvert the . . . purposes of the adverse inference, and would allow parties who have . . . destroyed evidence to profit from that destruction." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 109 (2d. Cir. 2002)(internal citations and quotation marks omitted). Yet, this is precisely what Bausch

---

[6] For some reason, Bausch seems to allege that Vitamin Health's counsel has filed a speculative sanctions motion. [Doc. 189, FN.28]. Notably, though referencing an unrelated and irrelevant case, Bausch misreads the "speculation" it alleges from that decision as referring to relevance, when it actually pertained to whether a subcategory of documents were in fact destroyed. Moreover, though declining to award sanctions, the Court was indeed "troubled" by the allegations presented.

[7] Only negligence is required for sanctions in the Second Circuit, but the standard varies among circuits as noted in cases cited by Bausch. *See e.g. Point Blank Solutions, Inc.*, 2011 U.S. Dist. LEXIS 42239 *90-92(11th Circuit requires bad faith destruction and that the evidence be critical to the case for a finding of sanctions).

9

attempts to do here with its repeated allegations that the █████████████████
█████████████████████████████████████████████████ If one were to believe Bausch, as long as it produces some relevant documents, no other relevant documents could possibly exist. This is far from the truth, and Vitamin Health has presented plenty of evidence to support its contention the missing evidence would be relevant to this case and supportive of its defenses.

Bausch does not rebut the testimony of its 30(b)(6) witness, Dr. Vo, nor its counsel, Mr. Polyn establishing relevance. █████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████

Documents attached to Bausch's response brief further support this contention. For example, although not nearly a complete recitation of his work, █████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████

██████████████████████████████████████████████████████████████
█████████████████████████████████████████████[8]

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ This also shows that it was highly likely Dr. Bartels had additional relevant documents and emails.

Additionally, Bausch's lengthy arguments about all the evidence it has produced in this case, ████████████████████████████████████████████████, further supports that relevant information was destroyed. *Ceglia v. Zuckerberg*, Case. No. 10-cv-00569A(F), 2013 U.S. Dist. LEXIS 45500 at *216-217 (W.D.N.Y. Mar. 26, 2013)(finding Plaintiff's bald assertion that destruction of USB devices was harmless because the files were already produced disingenuous and that if, as Plaintiff asserted, some files were already produced, plaintiff's production establishes Plaintiff understood the files to be relevant and the destruction was willful); *Phoenix Four, Inc. v. Strategic Res. Corp.*, Case No. 05 Civ. 4837(HB), 2006 U.S. Dist. LEXIS 32211 at *20-21(S.D.N.Y. May 23, 2006) (plaintiff demonstrated that documents deleted from server would be relevant to plaintiff's case by showing that similar evidence received from the server was supportive of plaintiff's central claims); *Chan v. Triple 8 Palace, Inc.*, Case No. 03 Civ. 6048 (GEL)(JCF), 2005 U.S. Dist. LEXIS 16520 at *24-28 (some evidence of records tending to prove plaintiffs' allegations enough to show relevance of other similar records that were destroyed, leading the court to impose sanctions against defendants). In

---

[8] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

fact, Bausch concedes ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████

Bausch's destruction was at least grossly negligent and a finding of relevance should be presumed. Nonetheless, Bausch still tries to pigeon hole what the destroyed documents can be relevant to. [See Doc. 189, at p. 25-27].

For example, ██████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████ Yet, as submitted in Bausch's own response, ██████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████ Such documents may have provided a laches defense and/or completely undermined Bausch's very assertion that they did not anticipate litigation against Vitamin Health. Alas, we shall never know ████████████████████, despite ongoing litigation on the very patents at issue here.

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

██████████████████████████████████

Additionally, Bausch alleges ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. [Doc. 189 at p. 26]. But Bausch overlooks the relevance of the prior art itself. The prior art in possession of the inventors could have been directly relevant to the validity defenses in this case. Further, inventors are required to disclose all prior art they are aware of to the patent office. 37 C.F.R. §156. The knowing failure to do so can render the patents unenforceable and result in counterclaims and/or defenses of inequitable conduct. Certainly, such documents would have been relevant.

### 2. At a Minimum, Bausch's Complete Failure to Follow Up On Litigation Hold Should Result in Sanctions

As Bausch should be well aware, "A party's discovery obligations do not end with the implementation of a 'litigation hold' -- to the contrary, that's only the beginning. Counsel must oversee compliance with the litigation hold, monitoring the party's efforts to retain and produce the relevant documents." *Scalera v. Electrograph Sys.*, 262 F.R.D. 162, 177 (E.D.N.Y. 2009) (internal citations omitted). Indeed, the intentional destruction of relevant paper or electronic records after the duty to preserve is willful, and failure to collect documents from key players is at least grossly negligent. *Sekisui Am. Corp. v. Hart*, 945 F. Supp. 2d 494, 504 (S.D.N.Y. 2013).



███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████ On this basis alone, Bausch's spoliation was at least grossly negligent and should be sanctioned. *Golia v. Leslie Fay Co.*, Case No. 01 Civ. 1111(GEL), 2003 U.S. Dist. LEXIS 13794 at *29-31 (S.D.N.Y. Aug. 7, 2003) (defendant's failure to prevent employee from destroying documents at time she was terminated was "grossly negligent"); *Pastorello v. City of New York*, Case No. 95 Civ. 470(CSH), 2003 U.S. Dist. LEXIS 5231 at *33-35 (S.D.N.Y. Apr. 1, 2003) (loss of data resulting from unfamiliarity with record keeping policy was grossly negligent). Accordingly, Bausch should be sanctioned.

### 3. Vitamin Health's Sanctions Are Well Tailored

Bausch's arguments regarding the proposed sanctions (Doc. 189, pp. 28-30) are misguided and should be rejected. Bausch alleges that the evidentiary sanctions sought by Vitamin Health are improper because there is no showing of "bad faith." While Vitamin Health believes bad faith has been established, Bausch cites no case law for the proposition that "bad faith" is a requirement for such a sanction. Indeed, the Second Circuit has held that mere negligence can support sanctioning a party. *See e.g. Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 220-21 (S.D.N.Y. 2003) ("a culpable state of mind for purposes of a spoliation inference includes ordinary negligence").

Moreover, the sanctions sought by Vitamin Health are specifically tailored to the evidence that was spoliated. For example, Vitamin Health seeks evidentiary instructions regarding the ████████████████████████████ Moreover, █████████████

███████████████████████████████████████████████████

██████████████████████████████████████ To the extent Bausch now complains about what sanctions are proper, Bausch reaps what it sows. Vitamin Health's sanctions should be granted.

| | |
|---|---|
| Dated: June 18, 2015 | CARLSON, GASKEY & OLDS, P.C. |
| | |
| | /s/ Brian S. Tobin |
| | Steven Susser, Esq. |
| | John E. Carlson, Esq. |
| | Brian S. Tobin, Esq. |
| | 400 W. Maple, Suite 350 |
| | Birmingham, Michigan 48009 |
| | Telephone: (248) 988-8360 |
| | Facsimile: (248) 988-8363 |
| | Email: ssusser@cgolaw.com |
| | jcarlson@cgolaw.com |
| | btobin@cgolaw.com |
| | |
| | McCONVILLE CONSIDINE COOMAN & MORIN, P.C. |
| | Peter J. Weishaar, Esq. |
| | 25 East Main Street |
| | Rochester, New York 14614 |
| | Telephone: (585) 546-2500 |
| | Facsimile: (535) 512-3592 |
| | Email: pweishaar@mccmlaw.com |
| | |
| | *Counsel for Defendant* |
| | *Vitamin Health, Inc.* |