UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BAUSCH & LOMB INCORPORATED and
WYETH LLC,

            Plaintiffs,

v.

VITAMIN HEALTH, INC.,

            Defendant.

**DECISION & ORDER**
13-CV-6498

### Preliminary Statement

Plaintiffs Bausch & Lomb Incorporated and Wyeth, LLC (collectively "B&L") have brought this action under federal patent law. B&L contends that defendant Vitamin Health, Inc. (hereinafter "VH") has infringed two patents B&L owns by making and selling a vitamin supplement that utilizes the inventions described in the patents. B&L also contends that VH has engaged in false advertising and unfair competition in violation of the Lanham Act, codified at 15 U.S.C. § 1125(a).

The instant motion tasks the Court with resolving a discovery dispute between the parties. On October 17, 2014, VH served B&L with "Interrogatory No. 15," which asked B&L to provide the bases for its patent infringement contentions. B&L objected to the interrogatory and VH filed a motion to compel B&L to provide the basis for its claim under the doctrine of equivalents (hereinafter "DOE"). After oral argument on the motion, the Court issued a discovery Order directing B&L "to

supplement its response to [Interrogatory No. 15] <u>prior</u> to depositions being taken." Order (Docket # 136) at 3-4 (emphasis in original). Following that Order, VH deposed three witnesses before B&L supplemented its response. VH now argues that B&L violated the Court's Order and seeks preclusion of the DOE infringement claim as a remedy. <u>See</u> Motion to Strike/Exclude (Docket # 225).

## Discussion

Rule 37 of the Federal Rules of Civil Procedure gives courts broad discretion to sanction a party that "fails to provide information . . . as required by [a discovery order] . . . unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). When considering whether preclusion of evidence or witnesses is the proper sanction, both parties agree that courts in the Second Circuit must apply a four-factor balancing test. <u>See</u>, <u>e.g.</u>, <u>Outley v. City of New York</u>, 837 F.2d 587, 590-91 (2d Cir. 1988). In <u>Outley</u>, the Second Circuit held that, before imposing preclusion, courts must consider: (1) the party's explanation for failing to comply; (2) the importance of the evidence precluded; (3) the prejudice suffered by opposing party; and (4) the possibility of a continuance. <u>Id.</u>, <u>see also</u> <u>Patterson v. Balsamico</u>, 440 F.3d 104, 117 (2d Cir. 2006).

<u>B&L's Discovery Order Violation</u>: After examining the record, the Court finds that B&L violated the discovery Order.

The Court's language was clear: B&L was "ordered to supplement its response to [Interrogatory No. 15] _prior_ to depositions being taken." Order (Docket # 136) at 3-4 (emphasis in original). VH deposed witnesses on February 6, 2015, March 6, 2015, and April 9, 2015, but B&L did not supplement its response until April 10, 2015. Accordingly, the Court must now apply the _Outley_ test to determine whether preclusion is appropriate here.

With respect to the first _Outley_ factor, B&L's explanation for its failure to comply with the Order is unpersuasive. In short, B&L contends that it provided delayed supplementation because it thought that the Court's Order referred only to depositions that might impact the DOE contention (i.e., depositions of expert witnesses) based on VH's statements at oral argument. See B&L's Brief in Opposition (Docket # 229) at 11-14, 21. Even if that is what B&L understood the Court to mean, the text of the Order is inconsistent with that explanation. At that point, it was incumbent on VH to either comply with the plain terms of the Order or seek clarification from the Court. See _Dunbar v. Ballymore Co._, 1991 WL 273302 at *2 n.1 (N.D.N.Y. Dec. 19, 1991)("If they believed the [discovery] order was ambiguous, plaintiffs immediately should have sought further instruction from the court, rather than pursuing the course of delay revealed in the record on the present motion."). B&L did neither.

Second, the Court agrees with VH that the DOE contention is of obvious importance to both sides. See VH's Memorandum in

3

Support (Docket # 225-1) at 11. Accordingly, "only extreme misconduct on the part of [B&L] or extreme prejudice suffered by [VH] would justify the extraordinary sanction of preclusion in this case." Outley, 837 F.2d at 591.

As to the third factor – the prejudice to opposing party – VH first claims that it was ambushed by B&L's explanation for its DOE contention. See VH's Reply (Docket # 231) at 8-9. The Court does not find VH's claim of complete surprise to be credible. The efficacy of differing amounts of zinc in formulating the products here – the heart of B&L's DOE contention – has long been an issue in this case, and has specifically been known to be relevant to B&L's DOE claims. See, e.g., Transcript of Proceedings Held on 11/13/2014 (Docket # 120) at 95:10-95:23. Indeed, at the claims construction hearing on November 13, 2014, the Court asked B&L whether a product with thirty milligrams of zinc would infringe under DOE. Id. B&L responded that

> [i]f you had a formulation which had all the other ingredients exactly the same and all you did was switch zinc from [sixty milligrams] down to [twenty-five milligrams] and you still got the same clinical benefit and it worked – the zinc works substantially the same way as [sixty milligrams], I think it does infringe.

Id. at 95:18-95:23. Second, VH argues that, even if it knew that the efficacy of the zinc dosage was generally relevant to B&L's DOE contention, VH was nevertheless caught completely off guard by B&L's claim that the body's ability to absorb zinc was the basis for B&L's DOE contention. See VH's Reply (Docket # 231) at

4

8.  The Court finds this similarly implausible and unsupported by the record. In fact, as early as December 2014, VH began asking deponents about the body's ability to absorb zinc. See Transcript of 12/11/2014 Deposition of Frederick L. Ferris, M.D. (Docket # 229-18) at 71:9-72:5 ("[M]ore recent data suggests that [twenty-five] milligrams of zinc is the maximum amount [that] the body can absorb. Do you see that?"). Indeed, VH asked about the body's ability to absorb zinc at three separate depositions. See id.; see also Transcript of 12/12/2014 Deposition of Emily Y. Chew, M.D. (Docket # 229-19) at 31:13-33:7 (asking whether it is accurate that twenty-five milligrams of zinc is the maximum amount the body can absorb); Transcript of 1/26/2015 Deposition of Mini Balaram, M.D. (Docket # 229-19) at 56:15-22, 60:14-18, 64:1-17. Moreover, in this case, the success of B&L's DOE contention will hinge primarily on expert testimony on zinc absorption rates. The Court finds, and even VH agrees,[1] that it would be difficult — if not impossible — to prove a theory of infringement under DOE without expert testimony. See AquaTex Industries, Inc. v. Techniche Solutions, 479 F.3d 1320, 1329 (Fed. Cir. 2007)("Both the Supreme Court and this court have made

---

[1] Counsel for VH made this concession at oral argument while discussing the possibility of precluding B&L only from presenting expert testimony on DOE if the Court was not inclined to grant preclusion of the DOE contention entirely. The Court noted that it would not be possible for B&L to sustain an infringement contention based on DOE without expert testimony, and counsel for VH agreed. Transcript of Proceedings Held on 1/27/2016 (Docket # 232) at 26:20-27:24.

5

clear that the evidence of equivalents must be from the perspective of someone skilled in the art, for example 'through testimony of experts or others versed in the technology . . . .'" (quoting Graver Tank & Mfg. Co. v. Linde Air Prods. Co., 339 U.S. 605, 608 (1950)). As the Federal Circuit explained in AquaTex,

> when the patent holder relies on the doctrine of equivalents, as opposed to literal infringement, the difficulties and complexities of the doctrine require that evidence be presented to the jury or other fact-finder through the particularized testimony of a person of ordinary skill in the art, typically a qualified expert, who (on a limitation-by-limitation basis) describes the claim limitations and establishes that those skilled in the art would recognize the equivalents.

Id. Here, VH deposed three individuals between the Court's Order and B&L's supplementation to Interrogatory No. 15. None were experts and, according to B&L, none had any knowledge of zinc absorption rates or B&L's DOE theory. See Transcript of Proceedings Held on 1/27/2016 (Docket # 232) at 31:11-33:11. In sum, VH's claim that the delayed explanation of B&L's DOE contention was a devastating revelation rings hollow on this record.

The final Outley factor - the possibility of a continuance - requires the Court to consider whether the litigation can be postponed to offset the need for preclusion. See Patterson v. Balsamico, 440 F.3d 104, 118 (2d Cir. 2006). Here, as detailed below, the Court finds that a remedy other than preclusion

6

(including a continuance of the trial date) will adequately address the discovery violation.

Remedy: B&L's failure to follow the Court's unambiguous Order was obvious and has consequences. However, the consequences need to be in proportion to the harm sustained by VH. See Outley, 837 F.2d at 591 ("Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties the violation causes, and must consider less drastic responses."); see also Boyde v. Monroe County, No. 08-CV-6242, 2011 WL 4457668, at *4 (W.D.N.Y. Sept. 23, 2011)(tailoring sanction to avoid preclusion where less harsh alternatives would remedy the discovery violation). While VH now complains that B&L should have supplemented its response long ago, VH only moved for supplementation on December 22, 2014. See Docket # 127. Thereafter the Court ordered briefing, heard arguments, and issued its Order on February 3, 2015, three days after oral argument. See Order (Docket # 136). Based on this timeline and B&L's April 10, 2015 supplementation, B&L acted in violation of the Court's Order for, at most, a little over two months.

After considering arguments of counsel and the posture of the case when the discovery violation occurred, the Court imposes sanctions for B&L's discovery violation as follows:

1. VH may re-depose the witnesses who it deposed during the period of B&L's noncompliance with the Court's Order, namely

7

Mr. John Ferris, Dr. Toan Vo, and Mr. Denis Polyn. The new depositions are limited to facts relevant to B&L's supplemental response to Interrogatory No. 15. B&L shall pay for the travel and lodging costs of one attorney for VH to attend the depositions, as well as reasonable attorney fees for the hours of the depositions themselves.

2. Based on VH's representation at oral argument that it would have done so had B&L complied with the Court's Order, VH may depose a witness pursuant to Federal Rule of Civil Procedure 30(b)(6). Since VH had not scheduled a Rule 30(b)(6) deposition during the period of B&L's non-compliance, each party must bear its own costs for this deposition. In addition, VH, at its option, may also depose Daniel Stein. Mr. Stein was scheduled to be deposed before the discovery Order at issue here was entered. However, since VH cancelled Mr. Stein's deposition, each party must bear its own costs for this deposition should VH want to reschedule Mr. Stein.

3. The parties shall have thirty days to complete the depositions allowed by this Order. At VH's option, other scheduled discovery can be stayed pending the completion of these depositions.

4. The trial date will be postponed until August 1, 2016. Within one week from the date of this Order, the parties shall submit to the Court a comprehensive joint discover order which

contains new discovery deadlines for all previously established dates that have been impacted by this Decision and Order.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   February 9, 2016
         Rochester, New York