UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BAUSCH & LOMB INCORPORATED and
WYETH LLC,

                     Plaintiffs,
     v.

VITAMIN HEALTH, INC.,

                     Defendant.

**DECISION & ORDER**
13-CV-6498

## Preliminary Statement

Before the Court are numerous motions *in limine* filed by counsel for plaintiffs Bausch & Lomb Incorporated and Wyeth LLC (collectively "B&L"). See Docket # 265. The parties are advised that '[a]lthough the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984) (citations omitted). The parties have no inherent right to an *in limine* ruling and such rulings are viewed as a preliminary opinion given to allow the parties to formulate their trial strategy and allow the Court to manage the trial in the most efficient way possible. See Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008). "The trial court is not bound by an *in limine* ruling and can change its determination during the trial where sufficient

facts have developed to warrant the change or even if nothing unexpected happens at trial." Bar's Products, Inc. v. Bar's Products Int'l, Ltd., No. 10-14321, 2014 WL 1922764, at *1 (E.D. Mich. May 14, 2014). Accordingly, this Decision and Order constitutes a preliminary determination of the *in limine* motions filed and is subject to change at the Court's discretion.

## Discussion

B&L's motions *in limine* request that the Court prohibit counsel for defendant Vitamin Health, Inc. ("Vitamin Health") from introducing evidence and arguments on fifteen topics at trial. See Docket # 265. The following represents my preliminary determination with respect to each motion.

1. Evidence Related to "Negative Press" regarding Valeant Pharmaceuticals: Vitamin Health shall not introduce evidence about Valeant Pharmaceuticals, B&L's parent company, without prior notice to and approval of the Court. In light of recent press reports and congressional hearings about Valeant Pharmaceuticals, counsel for B&L may want to consider whether this is a subject that should be explored during *voir dire* as potential jurors may already be aware of the "negative press" and the relationship between Valeant Pharmaceuticals and B&L.

2. Prosecution History Evidence: Vitamin Health shall not introduce evidence that conflicts with or disputes the Court's

2

ruling that statements B&L made in the prosecution history do not estop B&L from arguing, and the jury from deciding, that a formulation with 25 milligrams of zinc infringes under the doctrine of equivalents. See Docket # 143. As to whether statements made by B&L in the prosecution history may be used for any other purpose, the Court will rule on admissibility if and when such statements are sought to be introduced at trial.

3. Reference to Settlement Discussions: Statements either party made during settlement discussions are presumptively inadmissible and should not be introduced or mentioned without prior approval of the Court. See Fed R. Evid. 408.

4. Vitamin Science Settlement: Evidence regarding the settlement agreement between B&L and Vitamin Science is presumptively inadmissible and should not be introduced or mentioned without prior approval of the Court. See Fed R. Evid. 408.

5. Arguments and Evidence Contrary to the Court's Claim Construction and Summary Judgment Rulings: Vitamin Health shall not introduce evidence that conflicts with or disputes the Court's previous rulings on claim construction or matters of law. See Docket ## 130, 143, 216. As to the "examples" Vitamin Health mentions in their Response to B&L's motion *in limine*, see Docket # 294, evidence pertaining to these topics shall not be introduced or mentioned without a prior ruling from the Court.

6. Advice of Counsel: Vitamin Health shall not elicit testimony about advice of counsel without prior approval of the Court.

7. Collusion and "Conflict of Interest" Testimony: Vitamin Health shall not elicit or introduce evidence regarding any alleged collusion or conflict of interest between B&L and the National Eye Institute.

8. "David v. Goliath" Arguments: Neither party shall refer to the financial resources of a party, including references to the costs of litigation, without the prior approval of the Court.

9. Cumulative Expert Testimony: The parties shall avoid the presentation of cumulative expert testimony. The scope of cross examination is generally limited to matters testified to on direct examination unless a party seeks prior approval from the Court to exceed the scope of direct examination. See Fed. R. Evid. 611(b).

10. Prior Art References: Vitamin Health may not use prior art references to re-litigate issues already determined by the Court in its prior decisions. See Docket ## 130, 143, 216. As to whether prior art references may be used for any other purpose, the Court will rule on admissibility if and when such references are sought to be introduced at trial.

11. <u>Equitable Defenses</u>: Absent permission of the Court, evidence relating to issues that will not be determined by the jury shall not be referenced or presented to the jury.  The Court does not intend to seek an advisory verdict on equitable defenses from the jury.  The Court will discuss with counsel the most efficient and logical method of obtaining and presenting evidence on non-jury issues.

12. <u>References to Issues on Matters of Law for the Court to Determine</u>: Refer to the ruling on Motion in Limine # 11 above.

13. <u>Evidence Regarding Spoliation of Evidence</u>: Vitamin Health shall not elicit or present evidence to the jury suggesting or inferring that B&L destroyed relevant documents or data.  To the extent that such evidence is somehow relevant to matters of law for the Court to determine, the Court will separately rule on whether to admit or consider the particular evidence at the time it is offered.

14. <u>Other Litigation between B&L and Vitamin Health</u>: Neither party shall reference other litigation between them absent prior permission from the Court.

15. <u>Communications Between B&L and a United Kingdom Distributer for Vitamin Health</u>:  Should Vitamin Health intend to offer any communications on this topic, Vitamin Health must seek a prior ruling from the Court before such testimony may be elicited.

## Conclusion

For the reasons set forth above, plaintiffs' motions *in limine* (Docket # 265) are **granted in part and denied in part** consistent with the preliminary findings made in this Decision and Order.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: July 7, 2016
       Rochester, New York