**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

BAUSCH & LOMB INCORPORATED and
WYETH LLC,

     Plaintiffs,       DECISION & ORDER
 v.              13-CV-6498

VITAMIN HEALTH, INC.,

     Defendant.

---

## Preliminary Statement

Before the Court are numerous motions *in limine* filed by counsel for defendant Vitamin Health, Inc. ("Vitamin Health"). See Docket # 278. The parties are advised that "[a]lthough the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984) (citations omitted). The parties have no inherent right to an *in limine* ruling and such rulings are viewed as a preliminary opinion given to allow the parties to formulate their trial strategy and allow the Court to manage the trial in the most efficient way possible. See Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008). "The trial court is not bound by an *in limine* ruling and can change its determination during the trial where sufficient facts have developed to

warrant the change or even if nothing unexpected happens at trial." Bar's Products, Inc. v. Bar's Products Int'l, Ltd., No. 10-14321, 2014 WL 1922764, at *1 (E.D. Mich. May 14, 2014). Accordingly, this Decision and Order constitutes a preliminary determination of the in limine motions filed and is subject to change at the Court's discretion.

## Discussion

Vitamin Health's motions in limine request that the Court prohibit counsel for plaintiffs Bausch & Lomb Incorporated and Wyeth LLC (collectively "B&L") from mentioning, directly or indirectly, ten topics before the jury at trial. See Docket # 278. The following represents my preliminary determination with respect to each motion.

1. Evidence Related to Aaron Shepherd's Personal Wealth: B&L shall not elicit testimony about Aaron Shepherd's personal wealth without prior approval of the Court. A proper foundation must be established before the Court will allow testimony on whether his compensation was so extraordinary as to be a factor in analyzing Vitamin Health's "profit margin" for purposes of determining a reasonable royalty.

2. Requests for Admissions (RFA): B&L is not required to supplement RFA numbers 82-83, and 85.

3. <u>Statements Concerning the "Validity" of the '297 Patent</u>: In the event it is determined to be relevant to any issue to be tried, B&L may state that the PTO found on re-examination that claims of the '297 patent were not invalid over the record set forth before it.

4. <u>Statements that the Inventions of the Patents Were Shown to Have "Beneficial Effects" Following AREDS and AREDS 2</u>: In the event it is determined to be relevant to any issue to be tried, B&L may present evidence about the two studies and the beneficial effects of the formulations studied.

5. <u>False Advertising Statements</u>: If B&L intends to introduce alleged false advertising statements that have not been disclosed in B&L's responses to Interrogatories 12 and 13, B&L must now disclose such statements so the Court can rule on their admissibility.

6. <u>Vitamin Health's Product Labels</u>: If determined by the Court to be relevant to any issue to be tried, B&L may seek to admit product labels from Vitamin Health's Viteyes products. B&L must seek a ruling from the Court prior to offering into evidence or referring to any such label.

7. <u>Restricting Dr. Johnson's Testimony Related to Lutein and Zeaxanthine</u>: The Court will not give an advance ruling, but will rule on any evidentiary objection made during Dr. Johnson's testimony.

8. <u>Restricting Dr. Johnson's Testimony Related to Zinc Absorption</u>: The Court will not give an advance ruling, but will rule on any evidentiary objection made during Dr. Johnson's testimony.

9. <u>Restricting Dr. Johnson's Testimony Related to the Doctrine of Equivalents for Zinc Values Other Than 25 mg</u>: The Court will not give an advance ruling, but will rule on any evidentiary objection made during Dr. Johnson's testimony.

10. <u>Restricting the Testimony of Dr. Rick Ferris and Dr. Emily Chew</u>: This request is denied. Dr. Ferris and Dr. Chew may or may not speak on behalf of the NEI – their testimony, subject to cross-examination, will be evidence of that fact.

## Conclusion

For the reasons set forth above, defendant's motions *in limine* (Docket # 278) are **granted in part and denied in part** consistent with the preliminary findings made in this Decision and Order.

SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: July 7, 2016
       Rochester, New York