UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BAUSCH & LOMB INCORPORATED and
WYETH LLC,

            Plaintiffs,

v.

VITAMIN HEALTH, INC.,

            Defendant.

DECISION AND ORDER
13-CV-6498

## PRELIMINARY STATEMENT

Plaintiffs Bausch & Lomb Incorporated and Wyeth LLC (collectively "Bausch & Lomb") bring this action under federal patent law, claiming that defendant Vitamin Health, Inc. ("Vitamin Health") infringed two patents owned by Bausch & Lomb. Specifically, Bausch & Lomb contends that Vitamin Health has infringed United States patent numbers 6,660,297 ("the '297 patent") and 8,603,522 ("the '522 patent"), both of which disclose a nutritional supplement intended to promote retinal health, by making and selling a vitamin supplement that utilizes, either literally or through the use of equivalent formulations, the inventions described in the patents. Bausch & Lomb also contends that Vitamin Health has engaged in false advertising and unfair competition in violation of the Lanham Act, codified at 15 U.S.C. § 1125(a). The trial in this matter is scheduled to commence on August 1, 2016.

Some time ago, the Court heard arguments on Vitamin Health's Motion for Protective Order (Docket # 210) and Bausch & Lomb's Motion to Compel (Docket # 213) regarding emails sent and received by Dr. David Shepherd, the father of the owner of Vitamin Health. At the hearing's conclusion, the Court instructed Vitamin Health to produce the emails in question for in camera review. Thereafter, Vitamin Health sent to the Court a package including a cover letter listing the documents Vitamin Health alleges to be privileged and copies of the documents. The documents consist of fifty-two pages of email exchanges between various lawyers, distributors, and three individuals associated with Vitamin Health - Aaron Shepherd (the owner of Vitamin Health), Alison Gers (Aaron Shepherd's sister and Vitamin Health's marketing director), and Dr. David Shepherd (their father and an ophthalmologist who has served as an unpaid advisor for Vitamin Health since its inception). Having concluded that Dr. Shepherd is likely a de facto employee of Vitamin Health for purposes of attorney-client privilege and recognizing that attorney-client privilege extends to a company's employees, see Upjohn Co. v. United States, 449 U.S. 383, 389-91 (1981), the Court, with the agreement of Bausch & Lomb, reviewed the emails to confirm the propriety of the Vitamin Health's claim of privilege.

## DISCUSSION

The doctrine of attorney-client privilege seeks to "encourage clients to make full disclosure to their attorneys." United States v. Ackert, 169 F.3d 136, 139 (2d Cir. 1999) (citing Fisher v. United States, 425 U.S. 391, 403 (1976)). Thus, attorney-client privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." Fisher v. United States, 435 U.S. at 403. According to the Supreme Court in Fisher, courts should apply the privilege narrowly and only when it is necessary to achieve this purpose. Id. Based on the Supreme Court's guidance, the Second Circuit has created a three-part test to establish whether attorney-client privilege exists. United States v. Schwimmer, 892 F.2d 237 (2d Cir. 1989). In order for the privilege to apply, there must be: (1) an attorney and client relationship; (2) "a communication by the client relating to the subject matter upon which professional advice is sought"; and (3) "the confidentiality of the expression for which the protection is claimed." Id. at 243 (citing In Re Grand Jury Subpoena Duces Tecum, 731 F.2d 1032 (2d Cir. 1984)).

I have reviewed the in camera submission and find, with two exceptions, that Vitamin Health has a colorable claim of privilege as to the documents in dispute. The first exception is VHPRIV-06 to VHPRIV-07. These documents reflect an email

3

exchange between Aaron Shepherd and a distributor of Vitamin Health's products, which Aaron forwarded to Dr. Shepherd. The distributor informed Aaron that a doctor called with questions regarding the AREDS patent and potential infringement issues. Any legal advice contained in the communication is not apparent. Moreover, there is no clear "background suggesting that [Aaron Shepherd and Dr. Shepherd] were discussing the recent recommendation" of Vitamin Health's attorney. SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 518 (D. Conn. 1976).

The second exception is VHPRIV-08 to VHPRIV-09. This is an email that Aaron Shepherd received from a products distributor informing him that a reporter was interested in doing a story on eye vitamins. As with the first exception, there is no legal advice apparent from the email. At best, the communication is between non-lawyers and simply identifies a legal "issue" without revealing any advice from counsel.

## CONCLUSION

For these reasons, Vitamin Health's Motion for Protective Order (Docket # 210) is **granted in part and denied in part** and Bausch & Lomb's Motion to Compel (Docket # 213) is **granted in part and denied in part**. Vitamin Health is directed to disclose VHPRIV-06 to VHPRIV-09 to Bausch & Lomb. The remaining documents will be filed under seal by the Court so as to

4

preserve any issue relevant to further proceedings for appellate review.

**SO ORDERED.**

                                               _____
                                               JONATHAN W. FELDMAN
                                               United States Magistrate Judge

Dated: July 26, 2016
       Rochester, New York